IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sachin Kumar,<br><br>        Petitioner,<br><br>v.<br><br>Chad Wolf, et al.,<br><br>        Respondents. | No. CV-20-00814-PHX-SPL (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT JUDGE:**

Sachin Kumar ("Petitioner"), a native and citizen of India, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Pending before the Court is Respondents' Motion to Dismiss (Doc. 20). For the reasons explained herein, the undersigned recommends that the Court grant Respondents' Motion (Doc. 20) and dismiss this matter without prejudice.

## I. BACKGROUND

As detailed in the Court's June 2, 2020 Order:
> On June 15, 2019, [Petitioner] entered the United States without inspection near Calexico, California, and was encountered and taken into custody by the United States Department of Homeland Security ("DHS"). (Doc. 15-1 at 2-3, 19-24.) Petitioner was determined to be inadmissible to the United States and placed in expedited removal proceedings pursuant to Immigration and Nationality Act ("INA") §

> 235(b)(1), 8 U.S.C. § 1225(b)(1). He expressed a fear of persecution or torture if returned to India and was referred for a credible fear determination. (*Id.*) Petitioner was then transferred and detained in the CoreCivic La Palma Correctional Center in Eloy, Arizona. (*Id.* at 2.)
>
> On August 22, 2019, Petitioner received a credible fear interview. (Doc. 15-1 at 2-18.) An asylum officer found Petitioner was credible but determined that he had not established a credible fear of persecution or torture if removed to India. (*Id.* at 5-6.) The determination was approved by a supervisory asylum officer (*id.* at 6), and Petitioner was ordered removed from the United States. Petitioner requested review of the credible fear determination by an Immigration Judge ("IJ"), and on September 11, 2019, the IJ affirmed the asylum officer's determination.[ ] Petitioner was subsequently transferred to the CoreCivic Adams County Correctional Center in Natchez, Mississippi, where he is currently detained. (Doc. 1 ¶¶ 6, 12.)

(Doc. 16 at 1-2). On April 27, 2020, Petitioner filed the Petition for Writ of Habeas Corpus (the "Petition") (Doc. 1). The Court's Screening Order recounts Petitioner's claims for relief as follows:

> Petitioner claims that his credible fear proceedings denied him a fair and meaningful opportunity to apply for relief in violation of the INA, the implementing regulations, and the Due Process Clause of the Fifth Amendment. Petitioner alleges the asylum officer failed to employ the required non-adversarial procedures when conducting his credible fear interview, misallocated the burden of proof, failed to consider all the facts, misapplied the law when evaluating his credible fear claim, and failed to provide a written explanation of his decision.

(Doc. 5 at 2-3). Citing to the Suspension Clause of the United States Constitution and the Ninth Circuit decision *Thuraissigiam v. Dep't of Homeland Sec.*, 917 F.3d 1097 (9th Cir. 2019), the Petition asserts that the Court has subject matter jurisdiction to review Petitioner's claims. (Doc. 1 at 3).

On June 24, 2020, Respondents filed a Motion to Dismiss (Doc. 20) that asserted that the Court should dismiss this matter under Federal Rule of Civil Procedure 12(b)(3)

for improper venue. The following day, the United States Supreme Court reversed the Ninth Circuit's decision in *Thuraissigiam. Dep't of Homeland Sec. v. Thuraissigiam*, 140 S.Ct. 1959 (2020). Respondents filed a Notice of Supplemental Authority (Doc. 21) that asserts that as a result of the Supreme Court's decision, the Court lacks subject matter jurisdiction over this action. On July 8, 2020, Petitioner filed a Response (Doc. 22) to the Motion to Dismiss (Doc. 20). Respondents filed a Reply (Doc. 23) on July 15, 2020.

## II.  LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 12(h)(3)

Because federal courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the federal courts unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As subject-matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002). The Court is obligated to determine sua sponte whether it has subject matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (federal courts "have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party"); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### B.  Habeas Review in the Context of Expedited Removal Proceedings

A federal court may grant a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 if a petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States."

Here, Petitioner is subject to an expedited removal order issued pursuant to 8 U.S.C. § 1225(b)(1). 8 U.S.C. § 1252(e)(2) limits habeas review of an expedited removal order. 8 U.S.C. § 1252(e)(2)(A)-(C) allows habeas review of the following three matters: (i) "whether the petitioner is an alien"; (ii) "whether the petitioner was ordered removed"; and (iii) whether the petitioner has already been granted entry as a lawful permanent resident, refugee, or asylee. 8 U.S.C. § 1252(e)(5) provides that "[t]here shall be no

review of whether the alien is actually inadmissible or entitled to any relief from removal." 8 U.S.C. § 1252(a)(2)(A)(i) provides that "[n]otwithstanding" any other "habeas corpus provision," including 28 U.S.C. § 2241, "no court shall have jurisdiction to review" any other "individual determination" or "claim arising from or relating to the implementation or operation of an order of [expedited] removal" except as provided in § 1252(e). The statute further provides that courts may not review "the determination" that an alien lacks a credible fear of persecution. 8 U.S.C. § 1252(a)(2)(A)(iii).

As mentioned, the Petition cites the Ninth Circuit case *Thuraissigiam* in asserting subject-matter jurisdiction. (Doc. 1 at 3). The petitioner in that case (referred herein as "Thuraissigiam") was a Sri Lankan citizen placed in expedited removal proceedings after his arrest by a border patrol officer twenty-five yards north of the Mexican border. *Thuraissigiam*, 917 F.3d 1101. When Thuraissigiam expressed a fear of persecution in Sri Lanka, an asylum officer interviewed him and determined that he had not established a credible fear of persecution. *Id.* A supervisor approved the decision, and then an immigration judge affirmed the finding and returned the case to DHS for removal. *Id.*

Thuraissigiam filed a habeas petition in federal district court, arguing that the officers and immigration judge had applied incorrect legal standards to his credible fear application, and deprived him of a "meaningful right to apply for asylum," in violation of § 1225(b)(1), the implementing regulations, and his right to due process. *Id.* at 1102. The district court dismissed the petition for lack of subject matter jurisdiction. *Id.*

On March 7, 2019, the Ninth Circuit Court of Appeals reversed the district court's decision. The Ninth Circuit held that 8 U.S.C. § 1252(e)(2), as applied to Thuraissigiam, violated the Suspension Clause of the United States Constitution.[1] *Id.* at 1119. The Ninth Circuit held that despite § 1252(e)(2)'s explicit limitation of habeas review, the Suspension Clause requires review of Thuraissigiam's habeas claim that the

---

[1] The Suspension Clause states, "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2.

DHS failed "to follow the required procedures and apply the correct legal standards when evaluating his credible fear claim." *Id.* at 1116-17.

On June 25, 2020, the Supreme Court reversed the Ninth Circuit's decision. *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S.Ct. 1959 (2020). The Supreme Court noted that (i) a "major objective of [the Illegal Immigration Reform and Immigrant Responsibility Act] was to protec[t] the Executive's discretion from the courts" and (ii) the "power to admit or exclude aliens is a sovereign prerogative[.]" *Id.* at 1965. It also cited precedent that "has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights *regarding his application*[.]" (*Id.* at 1982) (citing *Landon v. Plasencia*, 459 U.S. 21, 32 (1982)). The Supreme Court concluded that the rule "adopted by the Ninth Circuit would undermine the 'sovereign prerogative' of governing admission to this country and create a perverse incentive to enter at an unlawful rather than a lawful location." *Id.* at 1983 (citation omitted). The Supreme Court held that an asylum seeker with a negative credible fear determination "has only those rights regarding admission that Congress has provided by statute. In [Thuraissigiam's] case, Congress provided the right to a 'determin[ation]' whether he had a 'significant possibility' of 'establish[ing] eligibility for asylum,' and he was given that right." *Id.* (citing 8 U.S.C. §§ 12255(b)(1)(B)(ii), (v)). The Supreme Court further held that "[b]ecause the Due Process Clause provides nothing more, it does not require review of that determination or how it was made. As applied here, therefore, § 1252(e)(2) does not violate due process." *Id.*

### III. DISCUSSION

Here, it is undisputed that (i) Petitioner is an alien; (ii) Petitioner was ordered removed by an expedited removal order pursuant to 8 U.S.C. § 1225(b)(1); and (iii) Petitioner is not a legal permanent resident or asylee. The undersigned finds that the Petition does not fall within the three narrow categories of permissible habeas challenges enumerated in 8 U.S.C. § 1252(e)(2). Respondents thus assert that this matter must be dismissed under *Thuraissigiam*. (Doc. 21).

In an attempt to distinguish this action from *Thuraissigiam*, Petitioner asserts that he is seeking release from custody. (Doc. 22 at 14). Respondents are correct that the Petition does not explicitly request such relief.[2] (Doc. 23 at 3). The Court finds that like the petitioner in *Thuraissigiam*, Petitioner "does not want a 'simple release' but, ultimately, the opportunity to remain lawfully in the United States." *Thuraissigiam*, 140 S. Ct. at 1971. As explained by the Supreme Court:

> The relief that a habeas court may order and the collateral consequences of that relief are two entirely different things. Ordering an individual's release from custody may have the side effect of enabling that person to pursue all sorts of opportunities that the law allows. For example, release may enable a qualified surgeon to operate on a patient; a licensed architect may have the opportunity to design a bridge; and a qualified pilot may be able to fly a passenger jet. But a writ of habeas could not be used to compel an applicant to be afforded those opportunities or as a means to obtain a license as a surgeon, architect, or pilot. Similarly, while the release of an alien may give the alien the opportunity to remain in the country if the immigration laws permit, we have no evidence that the writ as it was known in 1789 could be used to require that aliens be permitted to remain in a country other than their own, or as a means to seek that permission.

*Id.* at 1974. The undersigned finds that even if the Court interpreted the Petition as requesting Petitioner's release from custody, such request would not confer subject-matter jurisdiction over the Petition because Petitioner is ultimately seeking the ability to

---

[2] The Petition (Doc. 1 at 26-27) provides the following prayer for relief:
1. Assume jurisdiction over this matter;
2. Issue a Writ of Habeas Corpus; hold a hearing before this Court if warranted; determine that the Petitioner is being detained in violation of law where the Expedited Removal Order issued violated his statutory, regulatory, and constitutional rights; order that the Expedited Removal Order be vacated, and order that the Petitioner be provided a new, meaningful opportunity to apply for asylum and other relief from removal.
3. Award Mr. Kumar reasonable costs and attorney's fees; and,
4. Grant any other relief which this Court deems just and proper.

remain lawfully in the United States.

As a possible alternative basis for jurisdiction, the Petition asserts "the IJs final determination that Mr. Kumar did not establish a credible fear of persecution is reviewable by this Court under the [Administrative Procedure Act ('APA')]." (Doc. 1 at 25). However, the APA does not apply "to the extent that . . . statutes preclude judicial review." 5 U.S.C. § 701(a)(1). Because 8 U.S.C. § 1252(a)(2)(A) precludes judicial review of claims relating to expedited removal orders except as provided in § 1252(e)(2), the APA does not provide an alternative basis for subject-matter jurisdiction. *See Rodrigues v. McAleenan*, 435 F. Supp. 3d 731, 736-37 (N.D. Tex. 2020) ("And as to the APA specifically, the APA grants private rights of action, except when other 'statutes preclude judicial review.' 5 U.S.C. § 701(a)(1). Thus, 8 U.S.C. § 1252(e)(2) 'preclude[s] judicial review' of Mr. Rodrigues's APA claims."); *Mohit v. U.S. Dep't of Homeland Sec.*, No. 20-CV-00823-PAB, 2020 WL 3971642, at *4 (D. Colo. July 14, 2020) (holding that the APA does not confer jurisdiction over habeas claims challenging expedited removal order).

In sum, the undersigned concludes that pursuant to 8 U.S.C. § 1252 and the Supreme Court's decision in *Thuraissigiam*, the Court does not have subject matter jurisdiction over this matter. The relief that petitioner ultimately seeks – a new credible fear interview and a stay of his deportation – is not relief that has been traditionally available via a writ of habeas corpus. *See Thuraissigiam*, 140 S.Ct. at 1969-76. The undersigned finds that 8 U.S.C. § 1252(e)(2), as applied here, does not violate the Suspension Clause. *Id.* at 1969-82. Finally, the Petition concedes that the "Asylum Office interviewed him to determine whether he had a 'credible fear' of removal— that is, whether he had a minimally viable claim for asylum, withholding of removal, or Convention Against Torture protection." (Doc. 1 at 2, ¶ 2). Petitioner was given the right to a determination whether he had a credible fear of persecution or torture if removed to India that would establish a significant possibility of obtaining eligibility for

withholding of removal or deferral of removal.[3]  (*See* Doc. 1-2 at 2-24).  To reiterate, "[b]ecause the Due Process Clause provides nothing more, it does not require review of that determination or how it was made." *Id.*  The undersigned finds that as applied here, § 1252(e)(2) does not violate due process.  The undersigned will recommend that the Court grant Respondents' Motion to Dismiss (Doc. 20).

## IV. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Court grant Respondents' Motion to Dismiss (Doc. 20).

**IT IS FURTHER RECOMMENDED** that the Petition (Doc. 1) be dismissed without prejudice.

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  Failure to file

---

[3] On June 30, 2020, the United States District Court, District of Columbia vacated an agency rule that categorically disqualified aliens arriving at the southern border from receiving asylum unless they have already unsuccessfully sought similar protection in another country on their way to the United States. *Capital Area Immigrants' Rights Coal. v. Trump*, No. CV 19-2117 (TJK), 2020 WL 3542481, at *1 (D.D.C. June 30, 2020).

Here, the Credible Fear Findings state: "Applicant does **not** appear to be subject to a bar(s) to asylum or withholding or removal." (Doc. 1-2 at 5).  The undersigned does not find that the decision in *Capital Area Immigrants' Rights Coalition* alters the recommendations contained herein.  *See Patel v. Barr*, No. 5:20-CV-00922, 2020 WL 4282051, at *5 (E.D. Pa. July 27, 2020) ("Under § 1252(e), challenges to the validity of the system of removal determinations pursuant to § 1225(b)(1) are only available in the United States District Court for the District of Columbia, no later than sixty days after the date the challenged regulation is first implemented.").

timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 17th day of August, 2020.

_____
Honorable Eileen S. Willett
United States Magistrate Judge