IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**SACHIN KUMAR**                                                                           **PETITIONER**

**v.**                                          **CIVIL ACTION NO.: 5:20-cv-178-TBM-MTP**

**CHAD WOLF, et al**                                                       **RESPONDENTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus [1] filed by Sachin Kumar, the Motion to Lift Stay of Removal of Detainee [39] filed by Respondent Shawn Gillis, and the Motion to Dismiss Petition for Writ of Habeas Corpus [41] filed by Respondent Shawn Gillis. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion to Dismiss Petition for Writ of Habeas Corpus [41] be granted, the Motion to Lift Stay of Removal of Detainee [39] be granted, and that the Petition for Writ of Habeas Corpus [1] be dismissed with prejudice.

## BACKGROUND

Sachin Kumar, a citizen of India, entered the United States without being admitted or paroled. *See* [20-1] at 2. He was taken into custody by U.S. Border Patrol on June 15, 2019 near Calexico, California, and placed in expedited removal proceedings as an inadmissible alien pursuant to 8 U.S.C. § 1225(b)(1).[1] *Id.* He was referred to an asylum officer for a credible fear interview, but it was determined that he was not eligible for relief. *Id.*; [1] at 11. He appealed the

---

[1] Aliens, like Petitioner, who are stopped near the border are subject to inspection and "the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum…or a fear of persecution." 8 U.S.C. § 1225 (b)(1)(A)(1). "Any alien subject to the procedures under [§ 1225(b)(1)] shall be detained pending a final determination of credible fear of persecution and, if found to not have such a fear, until removed." 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).

1

result to an Immigration Judge, but the asylum officer's determination was affirmed. *See* [1] at 12; [20-1] at 2. No appeal is available from the Immigration Judge's order. *See* [20-1] at 3; *see also Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1965-66 (2020) (explaining the three levels of review an alien subject to expedited removal seeking asylum may undergo).

On April 27, 2020, Petitioner, through the assistance of counsel, filed his Petition for Writ of Habeas Corpus [1] in the United States District Court of Arizona. Petitioner asserts that the District Courts have jurisdiction over his Petition under the Suspension Clause[2] of the United States Constitution. *See* [1] at 3.

On June 2, 2020, Petitioner filed a Motion to Stay [15] requesting that the district court stay his removal from the United States. He argued that he would suffer irreparable harm absent a stay, and that he had a strong likelihood of success on the merits. *See* [15] at 8. The Court granted the Motion [15], and the stay order remains in place. *See* Order [16].

On June 24, 2020, Respondents moved to dismiss the action under Fed. R. Civ. P. 12(b)(3) for improper venue or to transfer the case to the United States District Court for the Southern District of Mississippi because Petitioner was housed at Adams County Detention Center in Natchez, Mississippi. *See* Motion [20]. On August 17, 2020, the Magistrate Judge assigned to the action in the District Court of Arizona entered a Report and Recommendation [27],[3] recommending that the case be dismissed for lack of subject matter jurisdiction. The Arizona District Judge stated that he adopted the Report and Recommendation [27], but ultimately transferred the case to this District instead of dismissing it. *See* Order [30]. The

---

[2] "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art. I, § 9, cl. 2.

[3] The Report and Recommendation [27] by the Magistrate Judge in the District Court of Arizona reaches the same conclusion as the undersigned.

2

attorney representing Petitioner was not licensed in Mississippi and moved to withdraw as counsel for Petitioner once the action was transferred here. *See* Motion [34].

On April 2, 2021, Respondent Gillis filed the instant Motion to Lift Stay of Removal of Detainee [39] and a Motion to Dismiss Petition for Writ of Habeas Corpus [41]. Respondent argues that this court lacks subject matter jurisdiction over this matter and that the stay of removal should be lifted. *See* [39] at 2. Petitioner did not file a response.

On April 19, 2021, the Court directed Petitioner to file a response to these Motions. *See* Order [43]. A copy of the order was mailed to the last known address provided by Petitioner. The mail was returned as undeliverable. *See* Mail Return [44]. On May 3, 2021, the Court ordered Petitioner to show cause why his petition should not be dismissed for failure to update his address with the Court. *See* Show Cause Order [45]. A copy of the order was mailed to Petitioner, but it was again returned as undeliverable.[4] *See* Mail Return [46]. This matter is now ripe for review.

## ANALYSIS

Petitioner challenges his credible fear determination and expedited removal order and seeks to challenge his expedited removal proceedings that resulted in an unfavorable decision for him. *See* [1] at 12. He claims that the expedited removal procedure failed to comport with due process, and he was not given a fair opportunity to apply for asylum. *See* [1] at 13. Respondent argues that the Court lacks jurisdiction to review Petitioner's expedited removal order. *See* [39] at 2.

---

[4] It is unclear from the filings of the parties whether Petitioner is still in the custody of Immigration and Customs Enforcement. Respondents do not say, and Petitioner is no longer able to receive mail at Adams County Detention Center. The undersigned was unable to locate him in the ICE detainee locator tool available online. *See* https://locator.ice.gov/odls/#/results (last visited May 26, 2021).

In May 2005, Congress passed the REAL ID Act which "amends the jurisdictional provision of the Immigration and Nationality Act, altering the way in which noncitizens can seek judicial review of administrative orders of removal." *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 735 (5th Cir. 2005). The Act "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders." *Id*. at 736.

The procedure for non-citizens seeking asylum in the United States is controlled by 8 U.S.C. § 1225(b)(1). If an alien who is deemed inadmissible by an immigration officer indicates either an intention to apply for asylum or a fear of persecution, the officer shall refer the alien for an interview by an asylum officer. 8 U.S.C. § 1225(b)(1)(A)(ii). If the asylum officer finds that the alien's fear is not credible, then the alien may seek review by an immigration judge. 8 U.S.C. § 1225(b)(1)(B)(iii)(III).

Judicial review of expedited removal orders is governed by 8 U.S.C. § 1252(e). *See Brumme v. I.N.S.*, 275 F.3d 443, 446 (5th Cir. 2001). Section 1252(e)(2) severely limits judicial review of decisions made under § 1225(b)(1). Section 1252(e)(2) provides:

> **(e)(2)** Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
>
> **(A)** whether the petitioner is an alien,
>
> **(B)** whether the petitioner was ordered removed under such section, and
>
> **(C)** whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such statute not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General to section 1225(b)(1)(C) of this title.

The reviewing court may determine whether a removal order "was issued and whether it related to the Petitioner. There shall be no review of whether the alien is actually admissible or entitled

to any relief from removal." *Solis-de Patino v. Pitts*, 823 F. Supp. 2d 457, 460 (W.D. Tex. Oct. 4, 2011); *see also Thuraissigiam*, 140 S. Ct. at 1966.

Petitioner argues that this Court retains jurisdiction to review his Petition because § 1252(e)(2) violates the Suspension Clause of the United States Constitution. *See* [1] at 3. The Suspension Clause requires that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. When reviewing a claim that the Suspension Clause has been violated, the Court must ask whether "the statute stripping jurisdiction to issue the writ avoids the Suspension Clause mandate because Congress has provided adequate procedures for habeas corpus." *Boumediene v. Bush*, 553 U.S. 723, 771 (2008).

The United States Supreme Court recently addressed whether the Suspension Clause could be invoked by aliens in expedited removal proceedings to circumvent the statutory framework that precludes habeas review.[5] *See Thuraissigiam*, 140 S. Ct. 1959. The Court held that the "Suspension Clause argument fails because it would extend the writ of habeas corpus far beyond its scope 'when the Constitution was ratified.'" *Id*. at 1963 (quoting *Boumediene*, 553 U.S. at 746). "Habeas has traditionally been a means to secure *release* from unlawful detention, but [Petitioner] invokes the writ to achieve an entirely different end, namely, to obtain additional administrative review of his asylum claim and ultimately to obtain authorization to stay in this country." *Id*. (emphasis in original). The Court concluded that the Suspension Clause did not require further review of the alien's asylum claim and the "limitations on habeas review [were] constitutional as applied." *Id*. at 1964.

---

[5] At the time that the Petition [1] was filed, *Thuraissigiam* was pending before the United States Supreme Court on writ of certiorari.

This Court is bound by the Supreme Court's decision in *Thuraissigiam*. It is undisputed that Petitioner is an alien, that he was ordered removed by an expedited removal order, and that he is not a permanent resident or asylee. Because Petitioner does not raise any of the grounds articulated in Section 1252(e)(2) which would allow for judicial review of his removal order, this Court is without jurisdiction to review Petitioner's claim. *See Rosales*, 426 F.3d at 735; s*ee also Dipak v. Barr, No*. 1:20-CV-00788-P, 2020 WL 7655186, at *2 (W.D. La. Oct. 15, 2020), *report and recommendation adopted,* No. 1:20-CV-00788-P, 2020 WL 7647534 (W.D. La. Dec. 23, 2020). The Petition [1] should be dismissed.

Petitioner also requests costs and attorney's fees pursuant to 28 U.S.C. § 2412. The statute only allows for an award to the prevailing party, and as the undersigned recommends the matter be resolved in favor of Respondent, Petitioner is not entitled to an award of attorney's fees. Petitioner's request for attorney's fees should be denied.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that:

1. The Motion to Dismiss Petition for Writ of Habeas Corpus [41] be GRANTED;
2. The Motion to Lift Stay of Removal of Detainee [39] be GRANTED;
3. The Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice; and
4. Petitioner's request for attorney's fees be denied.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations

of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS the 1st day of June, 2021.

> s/Michael T. Parker
> UNITED STATES MAGISTRATE JUDGE